# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Davie, FL

Address of Defendant: Bristol, PA

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

12-cv-6963

12  6963

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Fraud or Truth in Lending

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____   DEC 12 2012
                Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

DEC 12 2012

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/12/12   Steve Tomas   Deputy Clerk
                  Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

Transfer from SDNY

MAM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Galaxy Products + Services, Inc.        CIVIL ACTION
v.
AMI Entertainment Network, Inc.   NO. **12  6963**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

12/12/12      Steve Tomas                   Deputy Clerk
Date          Attorney-at-law               Attorney for

Telephone          FAX Number          E-Mail Address

(Civ. 660) 10/02

DEC 12 2012

CAA, CJRA_C, CLOSED



## U.S. District Court
### Southern District of Illinois (East St. Louis)
### CIVIL DOCKET FOR CASE #: 3:12-cv-00595-MJR-DGW

**12  6963**

Galaxy Products & Services, Inc. v. AMI Entertainment Network, Inc.
Assigned to: Judge Michael J. Reagan
Referred to: Magistrate Judge Donald G. Wilkerson
Demand: $75,000
Cause: 28:1332 Diversity-Fraud

Date Filed: 05/08/2012
Date Terminated: 12/11/2012
Jury Demand: Plaintiff
Nature of Suit: 370 Fraud or Truth-In-Lending
Jurisdiction: Diversity

### Plaintiff

**Galaxy Products & Services, Inc.**　　　represented by　**Mark H. Levison**
Lashly & Baer PC
714 Locust Street
St. Louis, MO 63101
314-436-8320
Email: mlevison@lashlybaer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anne Bode Callahan**
Lashly & Baer PC
714 Locust Street
St. Louis, MO 63101
314-621-2939
Fax: 314-621-6844
Email: acallahan@lashlybaer.com
*ATTORNEY TO BE NOTICED*

**Matthew A. Jacober**
Lathrop & Gage - St. Louis
10 South Broadway
Suite 1300
St. Louis, MO 63102
314-613-2800
Fax: 314-613-2801
Email: mjacober@lathropgage.com
*TERMINATED: 06/19/2012*

V.

### Defendant

**AMI Entertainment Network, Inc.**　　　represented by　**Albert S. Watkins**
Kodner, Watkins et al.
7800 Forsyth Boulevard

|   |   |   |
|---|---|---|
|   |   | Suite 700<br>Clayton, MO 63105<br>314-727-9111<br>Fax: 314-727-9110<br>Email: albertswatkins@kwmwlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|   |   | **Michael Dennis Schwade**<br>Kodner, Watkins et al.<br>7800 Forsyth Boulevard<br>Suite 700<br>Clayton, MO 63105<br>314-727-9111<br>Fax: 314-727-9110<br>Email: mschwade@kwmwlaw.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** |   |   |
| **Thomas F Fricke** | represented by | **Eric D. Kaplan**<br>Kaplan Papadakis et al<br>Generally Admitted<br>180 North LaSalle Street<br>Suite 2108<br>Chicago, IL 60601<br>312-726-0531<br>Email: ekaplan@kpglaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|   |   | **Christopher S Wunder**<br>Kaplan Papadakis et al<br>Generally Admitted<br>180 North LaSalle Street<br>Suite 2108<br>Chicago, IL 60601<br>312-726-0531<br>Fax: 312-726-4928<br>Email: cwunder@kpglaw.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2012 | 1 | Case Opened. Filing Fee Due. Documents may now be electronically filed. Case number 12-595-MJR-DGW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Notice and Consent to proceed before a Magistrate Judge)(cekf) (Entered: 05/08/2012) |
| 05/08/2012 | 2 | COMPLAINT against AMI Entertainment Network, Inc. ( Filing fee $ 350 receipt number 0754-1688875.), filed by Galaxy Products & Services, Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Jacober, Matthew) (Entered: 05/08/2012) |
| 05/08/2012 | 3 | Corporate Disclosure Statement by Galaxy Products & Services, Inc.. (Jacober, Matthew) (Entered: 05/08/2012) |
| 05/09/2012 | 4 | Summons Issued as to AMI Entertainment Network, Inc.. (cekf) (Entered: 05/09/2012) |
| 05/15/2012 | 5 | MOTION to Appear Pro Hac Vice by AttorneyMark H. Levison $100 fee paid,receipt number 0754-1694135 by on behalf of Galaxy Products & Services, Inc.. (Levison, Mark) (Entered: 05/15/2012) |
| 05/16/2012 | 6 | ORDER granting 5 Motion to Appear Pro Hac Vice by attorney Mark Levison on behalf of Galaxy Products & Services, Inc (trb) (Entered: 05/16/2012) |
| 05/18/2012 | 7 | ENTRY STRICKEN: RETURN OF SERVICE EXECUTED by Galaxy Products & Services, Inc. on 05/14/2012. (Levison, Mark) Modified on 5/21/2012 (lmb). (Entered: 05/18/2012) |
| 05/21/2012 | 8 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 7 Return of Service Executed filed by Galaxy Products & Services, Inc. See attached document for specifics (lmb) (Entered: 05/21/2012) |
| 05/21/2012 | 9 | SUMMONS Returned Executed by Galaxy Products & Services, Inc.. AMI Entertainment Network, Inc. served on 5/14/2012, answer due 6/4/2012. (Levison, Mark) (Entered: 05/21/2012) |
| 06/01/2012 | 10 | NOTICE of Appearance by Albert S. Watkins on behalf of AMI Entertainment Network, Inc. (Watkins, Albert) (Entered: 06/01/2012) |
| 06/01/2012 | 11 | NOTICE of Appearance by Michael Dennis Schwade on behalf of AMI Entertainment Network, Inc. (Schwade, Michael) (Entered: 06/01/2012) |
| 06/01/2012 | 12 | Consent MOTION for Extension of Time to File Answer re 2 Complaint by AMI Entertainment Network, Inc.. (Schwade, Michael) (Entered: 06/01/2012) |
| 06/01/2012 | 13 | ORDER granting 12 Motion for Extension of Time to Answer. Defendant shall file its responsive pleading by 6/19/2012. Signed by Magistrate Judge Donald G. Wilkerson on 6/1/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/01/2012) |
| 06/14/2012 | 14 | MOTION to Withdraw as Attorney by Galaxy Products & Services, Inc.. (Jacober, Matthew) (Entered: 06/14/2012) |
| 06/18/2012 | 15 | CJRA TRACK B assigned: Final Pretrial Conference set for 10/18/2013, 11:00 AM in East St. Louis Courthouse before Judge Michael J. Reagan. Jury Trial set for 11/4/2013, 09:00 AM in East St. Louis Courthouse before Judge Michael J. Reagan. (dkd ) (Entered: 06/18/2012) |
| 06/19/2012 | 16 | ORDER granting 14 Motion to Withdraw as Attorney. Attorney Matthew A. Jacober terminated. Signed by Magistrate Judge Donald G. Wilkerson on 6/19/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/19/2012) |

| | | |
|---|---|---|
| 06/19/2012 | 17 | MOTION to Dismiss *For Improper Venue or, In the Alternative, Transfer Venue to the Eastern District of Pennsylvania* by AMI Entertainment Network, Inc.. Responses due by 7/23/2012 (Attachments: # 1 Exhibit)(Schwade, Michael) (Entered: 06/19/2012) |
| 06/19/2012 | 18 | MOTION to Dismiss for Failure to State a Claim by AMI Entertainment Network, Inc.. Responses due by 7/23/2012 (Schwade, Michael) (Entered: 06/19/2012) |
| 06/19/2012 | 19 | Corporate Disclosure Statement by AMI Entertainment Network, Inc. identifying Corporate Parent Merit Industries, Inc. for AMI Entertainment Network, Inc.. (Schwade, Michael) (Entered: 06/19/2012) |
| 06/27/2012 | 20 | NOTICE TO COUNSEL: Telephone Scheduling/Discovery Conference set for 8/2/2012 at 2:30 PM in East St. Louis Courthouse before Magistrate Judge Donald G. Wilkerson. (jmp) (Entered: 06/27/2012) |
| 07/18/2012 | 21 | NOTICE of Appearance by Anne Bode Callahan on behalf of All Plaintiffs (Callahan, Anne) (Entered: 07/18/2012) |
| 07/18/2012 | 22 | MOTION for Extension of Time to File Response/Reply, MOTION for Leave to File *Amended Complaint* by Galaxy Products & Services, Inc.. (Attachments: # 1 Exhibit)(Callahan, Anne) (Entered: 07/18/2012) |
| 07/19/2012 | 23 | ORDER granting 22 Motion for Extension of Time to File Response/Reply or for Leave to File Amended Complaint. Plaintiff shall file a response to the Motion to Dismiss or an amended pleading by 7/24/2012. Signed by Magistrate Judge Donald G. Wilkerson on 7/19/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/19/2012) |
| 07/24/2012 | 24 | AMENDED COMPLAINT *First Amended Complaint* against All Defendants, filed by Galaxy Products & Services, Inc..(Callahan, Anne) (Entered: 07/24/2012) |
| 07/25/2012 | 25 | ORDER denying as moot 17 Motion to Dismiss; denying as moot 18 Motion to Dismiss for Failure to State a Claim: On July 24, 2012, Plaintiff filed its first amended complaint (Doc. 24). The filing of the amended complaint renders moot the motions to dismiss filed by AMI Entertainment Network, Inc. (Docs. 17, 18). As a result, the Court DENIES without prejudice Defendant's motions to dismiss (Docs. 17, 18). Signed by Judge Michael J. Reagan on 7/25/12. (caa) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/25/2012) |
| 07/25/2012 | 26 | MOTION to Continue *Motion to Reschedule Initial Pretrial Scheduling and Discovery Conference* by Galaxy Products & Services, Inc.. (Attachments: # 1 Exhibit A)(Callahan, Anne) (Entered: 07/25/2012) |
| 07/27/2012 | 27 | ORDER. The Telephone Scheduling Conference set for 8/2/2012 is CONTINUED until 8/17/2012 at 10:00 AM before Magistrate Judge Donald G. Wilkerson. Parties shall submit their joint report and proposed scheduling order by 8/13/2012. Granting 26 MOTION to Continue *Motion to Reschedule Initial Pretrial Scheduling and Discovery Conference*. Signed by Magistrate |

|            |    |                                                                                                                                                                                                                                                          |
|------------|----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | Judge Donald G. Wilkerson on 7/27/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/27/2012)                                                                                                    |
| 08/06/2012 | 28 | MOTION for Extension of Time to File Answer re 24 Amended Complaint by AMI Entertainment Network, Inc.. (Schwade, Michael) (Entered: 08/06/2012)                                                                                                         |
| 08/07/2012 | 29 | ORDER granting 28 Motion for Extension of Time to Answer Amended Complaint. Defendant AMI shall file a responsive pleading by 8/14/2012. Signed by Magistrate Judge Donald G. Wilkerson on 8/7/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/07/2012) |
| 08/10/2012 | 30 | NOTICE of Appearance by Eric D. Kaplan on behalf of Thomas F Fricke (Kaplan, Eric) (Entered: 08/10/2012)                                                                                                                                                 |
| 08/10/2012 | 31 | Consent MOTION Reassign Case to Track "C" by Thomas F Fricke. (Kaplan, Eric) (Entered: 08/10/2012)                                                                                                                                                       |
| 08/14/2012 | 32 | MOTION to Dismiss *For Improper Venue or, in the Alternative, Transfer Venue to the Eastern District of Pennsylvania* by AMI Entertainment Network, Inc.. Responses due by 9/17/2012 (Attachments: # 1 Exhibit 1)(Schwade, Michael) (Entered: 08/14/2012) |
| 08/14/2012 | 33 | MOTION to Dismiss for Failure to State a Claim by AMI Entertainment Network, Inc.. Responses due by 9/17/2012 (Schwade, Michael) (Entered: 08/14/2012)                                                                                                   |
| 08/14/2012 | 34 | ORDER. The Telephone Scheduling Conference set for 8/17/2012 is CANCELED. Scheduling orders to issue. Signed by Magistrate Judge Donald G. Wilkerson on 8/14/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/14/2012) |
| 08/15/2012 | 35 | SCHEDULING ORDER: Discovery due by 7/8/2013. Dispositive Motions due by 7/23/2013. Signed by Judge Michael J. Reagan on 8/14/2012. (jmp) (Entered: 08/15/2012)                                                                                           |
| 08/15/2012 | 36 | ORDER AND NOTICE OF SETTLEMENT CONFERENCE: Settlement Conference set for 6/11/2013 at 9:00 AM in East St. Louis Courthouse before Magistrate Judge Donald G. Wilkerson.(jmp) (Entered: 08/15/2012)                                                       |
| 08/15/2012 | 37 | ORDER REGARDING DISCOVERY. Signed by Magistrate Judge Donald G. Wilkerson on 8/14/2012. (jmp) (Entered: 08/15/2012)                                                                                                                                      |
| 08/15/2012 | 38 | JOINDER by AMI Entertainment Network, Inc.. Joinder in 31 Consent MOTION Reassign Case to Track "C". (Schwade, Michael) (Entered: 08/15/2012)                                                                                                            |
| 08/17/2012 | 39 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 32 Motion to Dismiss filed by AMI Entertainment Network, Inc. See attached document for specifics (lmb) (Entered: 08/17/2012)                                                                                    |
| 08/20/2012 | 40 | ENTRY STRICKEN: ORDER granting 31 Consent Motion to reassign case to                                                                                                                                                                                     |

| | | |
|---|---|---|
| | | Track "C": The Court GRANTS Defendant Thomas Fricke's motion and reassigns this matter to Track C. The final pretrial conference is reset for 5/3/2013 10:00 AM ; the jury trial is reset for 5/20/2013 09:00 AM.Signed by Judge Michael J. Reagan on 08/20/2012. (dkd )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 41 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 40 Order, Set Hearings, Terminate Motions. Incorrect dates entered on order. (dkd )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 42 | ORDER granting 31 Consent Motion to reassign case to Track "C": The Court GRANTS Defendant Thomas Fricke's motion and reassigns this matter to Track C. The final pretrial conference is reset for 5/2/2014, 10:00 AM ; the jury trial is reset for 5/19/2014, 09:00 AM. Signed by Judge Michael J. Reagan on 08/20/2012. Signed by Judge Michael J. Reagan on 08/20/2012. (dkd )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/23/2012 | 43 | ORDER. The parties are ordered to submit an amended Joint Report of Parties and Proposed Scheduling Order based upon the new trial date (5/19/2013) set by Judge Reagan on 8/20/2012. The report and proposed order shall be submitted via e-mail (DGWpd@ilsd.uscourts.gov) by 9/4/2012. Signed by Magistrate Judge Donald G. Wilkerson on 8/23/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/23/2012) |
| 08/27/2012 | 44 | NOTICE of Appearance by Christopher S Wunder on behalf of Thomas F Fricke (Wunder, Christopher) (Entered: 08/27/2012) |
| 08/27/2012 | 45 | Consent MOTION for Extension of Time to File Answer re 24 Amended Complaint *(answer or otherwise plead)* by Thomas F Fricke. (Wunder, Christopher) (Entered: 08/27/2012) |
| 08/27/2012 | 46 | ORDER granting 45 Motion for Extension of Time to Answer Amended Complaint. Defendant Thomas F. Fricke shall file a responsive pleading by 9/4/2012. Signed by Magistrate Judge Donald G. Wilkerson on 8/27/2012. (hbs) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/27/2012) |
| 08/27/2012 | | Set/Reset Deadlines: Action due by 9/4/2012. (trb) (Entered: 08/28/2012) |
| 09/04/2012 | 47 | ENTRY STRICKEN: MOTION to Dismiss for Failure to State a Claim *and supporting memorandum* by Thomas F Fricke. Responses due by 10/9/2012 (Wunder, Christopher) (Entered: 09/04/2012) |
| 09/05/2012 | 48 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 47 Motion to Dismiss for Failure to State a Claim filed by Thomas F Fricke. See attached document for specifics (trb) (Entered: 09/05/2012) |
| 09/05/2012 | 49 | AMENDED SCHEDULING ORDER. Discovery due by 12/21/2013. |

| | | |
|---|---|---|
| | | Dispositive Motions due by 1/21/2014. The Settlement Conference is reset for 2/4/2014 at 9:00 AM in the East St. Louis Courthouse before Magistrate Judge Donald G. Wilkerson. Signed by Magistrate Judge Donald G. Wilkerson on 9/5/2012. (hbs) (Entered: 09/05/2012) |
| 09/05/2012 | 50 | Amended MOTION to Dismiss for Failure to State a Claim *and supporting memorandum* by Thomas F Fricke. Responses due by 10/9/2012 (Wunder, Christopher) (Entered: 09/05/2012) |
| 09/17/2012 | 51 | STRICKEN-RESPONSE to Motion re 33 MOTION to Dismiss for Failure to State a Claim *Pursuant to FRCP 12(b)(6)* filed by Galaxy Products & Services, Inc.. (Attachments: # 1 Exhibit A)(Callahan, Anne) Modified on 9/18/2012 (jlrr ). (Entered: 09/17/2012) |
| 09/17/2012 | 52 | RESPONSE to Motion re 32 MOTION to Dismiss *For Improper Venue or, in the Alternative, Transfer Venue to the Eastern District of Pennsylvania* filed by Galaxy Products & Services, Inc.. (Attachments: # 1 Exhibit A)(Callahan, Anne) (Entered: 09/17/2012) |
| 09/17/2012 | 53 | RESPONSE to Motion re 33 MOTION to Dismiss for Failure to State a Claim *Pursuant to FRCP 12(b)(6)* filed by Galaxy Products & Services, Inc.. (Callahan, Anne) (Entered: 09/17/2012) |
| 09/18/2012 | 54 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 51 Response to Motion filed by Galaxy Products & Services, Inc.. E-filer inadvertently filed the incorrect document. E-filer is aware of this error and has filed the correct document. No further action required at this time.(jlrr)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/18/2012) |
| 10/01/2012 | 55 | MOTION for Leave to File *Reply Brief* by AMI Entertainment Network, Inc.. (Attachments: # 1 Exhibit Reply Brief)(Schwade, Michael) (Entered: 10/01/2012) |
| 10/01/2012 | 56 | ORDER granting 55 Motion for Leave to File: The Court GRANTS AMI's motion for leave to file a reply brief in support of its motion to dismiss for improper venue, or in the alternative, transfer venue. AMI shall file its reply brief by October 5, 2012. Signed by Judge Michael J. Reagan on 10/1/12. (caa) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/01/2012) |
| 10/01/2012 | 57 | REPLY to Response to Motion re 32 MOTION to Dismiss *For Improper Venue or, in the Alternative, Transfer Venue to the Eastern District of Pennsylvania* filed by AMI Entertainment Network, Inc.. (Attachments: # 1 Exhibit Plaintiff's Initial Disclosures, # 2 Exhibit AMI's Initial Disclosures) (Schwade, Michael) (Entered: 10/01/2012) |
| 10/09/2012 | 58 | RESPONSE to Motion re 50 Amended MOTION to Dismiss for Failure to State a Claim *and supporting memorandum* filed by Galaxy Products & Services, Inc.. (Callahan, Anne) (Entered: 10/09/2012) |
| 10/22/2012 | 59 | MOTION for Leave to File *reply to Galaxy Products & Services, Inc.'s response to Fricke's motion to dismiss/strike* by Thomas F Fricke. |

|  |  |  |
|---|---|---|
|  |  | (Attachments: # 1 Exhibit A (reply))(Wunder, Christopher) (Entered: 10/22/2012) |
| 10/23/2012 | 60 | ORDER: The Court GRANTS 59 Defendant Thomas Fricke's motion for leave to file a reply to GPS's response to his motion to strike and dismiss various portions of GPS's Complaint (Doc. 59). Defendant Fricke shall file his reply by October 30, 2012. Signed by Judge Michael J. Reagan on 10/23/12. (caa)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/23/2012) |
| 10/23/2012 | 61 | REPLY to Response to Motion re 50 Amended MOTION to Dismiss for Failure to State a Claim *and supporting memorandum* filed by Thomas F Fricke. (Wunder, Christopher) (Entered: 10/23/2012) |
| 10/23/2012 | 62 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 59 Motion for Leave to File filed by Thomas F Fricke. See attached document for specifics (trb) (Entered: 10/23/2012) |
| 10/23/2012 |  | Set/Reset Deadlines: Action due by 10/30/2012. (trb) (Entered: 10/24/2012) |
| 11/19/2012 | 63 | *FIRST* REQUEST for Admissions *to Thomas F. Fricke* by Galaxy Products & Services, Inc..(Levison, Mark) (Entered: 11/19/2012) |
| 11/19/2012 | 64 | *FIRST* REQUEST for Admissions *to AMI Entertainment Network, Inc.* by Galaxy Products & Services, Inc..(Levison, Mark) (Entered: 11/19/2012) |
| 12/11/2012 | 65 | ORDER TRANSFERRING CASE TO OTHER DISTRICT: The Court GRANTS AMI's motion pursuant to 28 U.S.C. §1404(a) and TRANSFERS this action to the United States District Court for the Eastern District of Pennsylvania. Signed by Judge Michael J. Reagan on 12/11/2012. (dkd ) (Entered: 12/11/2012) |
| 12/12/2012 | 66 | Docket Annotation- Case was electronically transferred to the Eastern District of Pennsylvania (trb) (Entered: 12/12/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/12/2012 15:29:59 | | | |
| PACER Login: | us4447 | Client Code: |  |
| Description: | Docket Report | Search Criteria: | 3:12-cv-00595-MJR-DGW |
| Billable Pages: | 6 | Cost: | 0.60 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GALAXY PRODUCTS & SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMI ENTERTAINMENT NETWORK, INC., ) | Case No. 12-CV-0595-MJR |
| and THOMAS F. FRICKE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

I.   Introduction

On May 8, 2012, Plaintiff, Galaxy Products and Services, Inc. (GPS), filed a complaint in this Court against Defendant, AMI Entertainment Network, Inc. (AMI), alleging fraudulent and negligent misrepresentations, and declaratory judgment. On July 24, 2012, GPS filed a First Amended Complaint adding Thomas F. Fricke (Fricke) as Defendant in the action, alleging claims for breach of fiduciary duty and negligence/legal malpractice against Fricke, as well as a concert of action claim against both AMI and Fricke. GPS further claims that Fricke had a conflict of interest that allegedly prejudiced its rights in the negotiation and execution of the Development Agreement between AMI and GPS.

GPS invokes this Court's jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. The parties are diverse in that GPS is a citizen of Illinois (state of incorporation) and Florida (principal place of business); AMI is a citizen of Delaware (state of incorporation) and Pennsylvania (principal place of business); and Fricke is a

1

citizen of Missouri. The amount in controversy alleged satisfies the jurisdictional amount – exceeding $75,000.00, exclusive of interest and costs.

According to the amended complaint, on November 9, 2011, GPS and AMI executed a final Development Agreement (Agreement) whereby the parties agreed to allow GPS to purchase and license AMI's video gaming terminal machine units (VGTMs) to be produced for entry into the Illinois regulated gaming market. GPS alleges that AMI assured it that six games would be completed under the Agreement by January 31, 2012. GPS claims that AMI failed to meet the Agreement's deadlines and that GPS suffered significant losses thereby.

Now before the Court is AMI's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this action to the United States District Court for the Eastern District of Pennsylvania pursuant 28 U.S.C. § 1404(a) (Doc. 32).

II. <u>Analysis</u>

The Agreement executed by GPS and AMI contains specific representations and warranties for each party, including an express agreement to a forum selection clause restricting any litigation arising out of the Agreement to the United States District Court for the Eastern District of Pennsylvania and the Common Pleas Court of Philadelphia County, Pennsylvania. The forum selection clause reads as follows:

> Except as otherwise expressly provided in this Agreement, this Agreement shall be governed by, subject to and construed in accordance with the laws of the Commonwealth of Pennsylvania, but without giving effect to applicable principles of conflict of law to the extent that the application of the law of a jurisdiction other than Pennsylvania would be required thereby. The parties

2

agree that the United States District Court for the Eastern District of Pennsylvania and the Common Pleas Court of Philadelphia County, Pennsylvania, shall have exclusive venue and jurisdiction regarding litigation of all issues between the parties that require litigation.

It is under this forum selection clause that AMI seeks to have the case dismissed for improper venue or, in the alternative, transferred to the Eastern District of Pennsylvania, pursuant to Rule 12(b)(3), which authorizes the Court to dismiss or transfer a case if venue is improper or inconvenient in the current chosen forum. In response, GPS asserts that (1) enforcement of the forum selection clause would be unreasonable; (2) Fricke is not subject to the forum selection clause; (3) the convenience of the parties and witnesses do not favor transfer; and (4) the applicable law is Illinois state law.

It is well settled that forum selection clauses have a *prima facie* presumption of validity. ***M/S Bremen v. Zapata Off-Shore Co.***, 407 U.S. 1, 10 (1977). As such, forum selection clauses are to be enforced unless the provision was procured by fraud or overreaching, or if enforcement would be unreasonable. ***Paper Express Ltd. v. Pfankuch Maschinen GmbH***, 972 F.2d 753, 757 (7th Cir. 1992). In other words, the clause will be enforced unless enforcement would be a "serious inconvenience." ***Carnival Cruise Lines, Inc. v. Schute***, 499 U.S. 585, 592 (1991). As announced by the Seventh Circuit, "the law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where venue is specified, the clause will generally not be enforced unless there is some language indicating that the parties' intent to make venue exclusive." ***Paper Express***, 972 F.2d at 757.

3

The Agreement's forum selection clause, as set forth above, mandates that GPS's claim be pursued in the Eastern District of Pennsylvania. The Seventh Circuit has stated that the word "exclusive" - as used in the Agreement - indicates the parties' "intent to make that venue exclusive and to exclude venue in all other jurisdictions." *See Piechur v. Redbox Automated Retail, LLC,* 2010 WL 706047, at * 3 (S.D. Ill. 2010) (citing *Paper Express,* 972 F.2d at 756). Thus, "a party's submitting to the 'exclusive' jurisdiction of a forum means it agrees that the specified jurisdiction is the *only* proper venue for a dispute." *Id.* **(emphasis in original).** A party arguing that a forum selection clause should be invalidated bears a heavy burden. *Bremen,* 407 U.S. at 19.

Despite the existence of the forum selection clause and the strong presumption favoring its validity, GPS maintains that the Southern District of Illinois is the proper venue for this suit. Showing that a forum selection clause is unreasonable is a high hurdle to clear: GPS must show that "trial in the contractual form will be so gravely difficult and inconvenient that [GPS] will for all practical purposes be deprived of his day in court." *Id.* **at 18.**

Citing *Bonny v. Soc'y of Lloyd's,* 3 F.3d 156 (7th Cir. 1993), GPS argues that enforcement of the forum selection clause would be unreasonable under the circumstances. There, the Seventh Circuit noted that the Supreme Court had narrowly construed "unreasonable under the circumstances" and set forth the factors the Court is to consider when deciding whether forum selection clauses are unreasonable: "(1) if their incorporation into the contract was the result of fraud, undue influence or overweening bargaining power; (2) if the selected forum is so

4

gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) if enforcement of the clauses would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *Bonny*, 3 F.3d at 160 (citation, internal citations and quotation marks omitted). As explained below, these standards, GPS has failed to meet.

First, GPS argues that the forum selection clause is unenforceable because it was procured by fraud or coercion. However, GPS concedes that it was aware of the inclusion of the forum selection clause. Moreover, GPS is a corporation skilled in negotiation and represented by counsel, and not so unsophisticated or inexperienced as to be careless or incapable of arm's length negotiation. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 611 (7th Cir. 2006). Additionally, despite the fact that GPS had been incorporated shortly before it accepted the Agreement, it is not a "hapless consumer subjected to a gun-to-the-head moment" and could have walked away from the negotiations. *Id.* at 610 (noting that the defendant was a business firm and so could not argue that it was disadvantaged in negotiations over the forum selection clause).

Second, GPS argues that Fricke was not a party to the Agreement, and, consequently, he is not bound by the forum selection clause. The Court finds this argument unpersuasive. The Seventh Circuit has held that in order for a non-party to be bound by a forum selection clause, "the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (1993) (citations omitted).

5

Here, Fricke served as an adviser on the intricacies of the Agreement. According to the First Amended Complaint, Fricke, functioning as a dual agent, was the only lawyer involved in any dealings between GPS and AMI, and the claims against him are identical to the claims against AMI and arise from the same facts. (*See* Doc. 24, Am. Compl., ¶¶ 35-46). Fricke, who is licensed to practice law in the State of Pennsylvania, did not object to changing the choice of law clause to Pennsylvania and the addition of a Pennsylvania forum selection clause. *Id.* ¶ 42-43. In sum, Fricke is so closely related to the dispute that it was "foreseeable" that he would be bound by the Agreement and that he must submit to the jurisdiction of the same court in which GPS and AMI agreed to sue.

Lastly, GPS argues that the convenience of the parties and witnesses does not favor transfer. The Seventh Circuit has held that a valid forum selection clause should be overridden only if that choice "would impose significant costs on third parties or on the judicial system." ***Abbott Laboratories v. Takeda Pharm. Co., Ltd.*, 476 F.3d 421 (7th Cir. 2007)**. AMI is a citizen of Pennsylvania, and GPS is a citizen of Illinois. So, the location of these parties does not favor either state. Moreover, a party's inconvenience has no weight given that the clause is valid because any objection to inconvenience was waived by the party's agreeing to the clause. *IFC*, **437 F.3d at 613**.

The witnesses, according to the list provided by GPS, are geographically dispersed, but several of them are located in Pennsylvania or nearby, and none are located in the Southern District of Illinois (Doc. 57, Exhibits 1, 2). AMI has not provided the Court with a list of witnesses and has named no witness located in this

6

District.  So, the convenience of the parties and witnesses weighs slightly in favor of transfer to the Eastern District of Pennsylvania.

**28 U.S.C. § 1406** permits the Court to either dismiss a case brought in an improper district, or "if it be in the interest of justice," to transfer such a case to "any district or division in which it could have been brought." **28 U.S.C. § 1406(a);** ***Hapaniewski v. Chicago Heights,* 883 F.2d 576, 579 (7th Cir. 1989).** In the current proceeding, the interest of justice favors a transfer.

The U.S. District Court - Judicial Caseload Profile for the period ending September 30, 2011, the most recent report available, shows that both Districts are busy with civil filings since Eastern Pennsylvania ranks 1st in filings with 2,127, and Southern Illinois ranks 2nd with 1,382.[1]  Civil cases move more quickly through the Eastern Pennsylvania: from filing to disposition, that District ranks 1st in the nation compared with 22nd for Southern Illinois, and from filing to trial, Eastern Pennsylvania ranks 24th, compared with 30th.  On the other hand, only .5% of civil cases in Southern Illinois are over 3 years old, giving it a rank of 2nd, but 27.6% of the cases in Eastern Pennsylvania are over 3 years old, giving it a rank of 89th.  However, as to weighted filings, which are, in the Court's view, the most persuasive factor when considering the relative workload of the two districts, Southern Illinois ranks 2d in the nation with 1,017 filings per Judgeship, and Eastern Pennsylvania ranks 55th with 420.[2]  This number takes into consideration the different amounts of time that

---

[1] http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/DistrictCourtsSep2011.aspx

[2] Average civil cases or criminal defendants each receive a weight of approximately 1.0.  For more time-consuming cases, higher weights are assessed (*e. g.*, a death-penalty habeas corpus case is assigned a

7

district judges require to resolve various types of civil and criminal actions. Overall, from a statistical standpoint, it appears that the average Southern Illinois District Judge is busier than the average Eastern District of Pennsylvania Judge, and, therefore, this case is likely to burden the Southern District of Illinois more than the Eastern District of Pennsylvania. Judges in both districts are equally familiar with applicable law. Furthermore, Pennsylvania has a strong interest in regulating the conduct of a corporation located in that state. In short, transferring this action favors judicial efficiency and use of scarce judicial resources.

Accordingly, because the Agreement contained a valid forum selection clause, and GPS has not met the heavy burden of showing that the clause should be invalidated, a transfer is in the interest of justice, as well as judicial economy.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** AMI's motion pursuant to 28 U.S.C. §1404(a) and **TRANSFERS** this action to the United States District Court for the Eastern District of Pennsylvania.

IT IS SO ORDERED.

DATED this 11th day of December, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge

---

weight of 12.89), and cases demanding relatively little time from judges receive lower weights (*e. g.*, a defaulted student loan case is assigned a weight of 0.031).