IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GALAXY PRODUCTS & SERVICES, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff and Counterclaim Defendant | : | |
| | : | |
| vs. | : | |
| | : | |
| AMI ENTERTAINMENT NETWORK, INC., | : | |
| | : | |
| Defendant and Counterclaim Plaintiff, | : | |
| and | : | |
| | : | |
| AMI ENTERTAINMENT NETWORK, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| GPS GLOBAL, LLC, | : | NO. 12-6963 |
| | : | |
| Defendant and Counterclaim Plaintiff. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                   **JANUARY 26, 2016**

    The matter before the Court is the Plaintiff and Counterclaim Defendant, Galaxy Products & Services, Inc.'s ("Galaxy") and Defendant and Counterclaim Plaintiff, GPS Global, LLC's ("Global"), request for this Court's review of the Clerk's ruling with regard to the Taxation of Costs in the above-captioned matter.

    On August 4, 2015, the Honorable Mary A. McLaughlin, entered a judgment in favor of AMI Entertainment Network, Inc. ("AMI") on its motion for summary judgment. On November 3, 2015 the Clerk taxed costs in favor of AMI as follows:

| | |
|---|---|
| Fees of the Marshal: | $   190.00 |
| Transcript Costs: | $41,752.84 |
| Printing Costs: | $   310.00 |
| Copying Costs: | $ 1,875.01 |
| TOTAL | $44,128.51 |

Standard of Review

The taxation of costs by a clerk of court is subject to *de novo* review by a district court. Reger v. Nemours Found, Inc., 599 F.3d 285, 288 (3d Cir. 2010) (citing In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000)).

Rule 54 of Federal Rule of Civil Procedure addresses the issue of costs and provides, in pertinent part, that "Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a strong presumption that costs are to be awarded to the prevailing party. In re Paoli R.R. Yard PCB Litig., 221 F.3d at 462. The costs mentioned in Rule 54(d)1) are defined in 28 U.S.C. § 1920 and include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The burden rests with the non-prevailing party to show why costs should not be assessed against it. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." In re Paoli R.R. Yard PCB Litig., 221 F.3d at 468.

Galaxy and Global first contend that, "this Court should reduce the costs awarded to AMI by $19,233.04 for the unnecessary and duplicative video transcription, $1,292.50 for the synchronization costs, and $602.50 for the capture and burning of already existing video into mpegl-formatted video." (Doc. 140 p. 2) Galaxy and Global go on to argue that the video was not needed for the summary judgment motion, and even if it could be argued that it was needed for the eventual trial, Galaxy and Global argue that, "this matter was not yet set for trial. AMI knew that even if it lost the summary judgment motion, it would have months after the court's disposition of the matter to order the video and still have it in time to prepare for and use at trial." (Doc. 140, pgs. 3-4)

AMI argues in response, that Galaxy and Global overlook the Clerk's Office Procedural Handbook which explicitly states that videotaped copies of transcripts are taxable "where both copies are necessary to counsel's effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs related to items which were actually used." See Clerk's Office Procedural Handbook, p. 62. AMI goes on to argue that those costs were necessary to the defense of the numerous claims brought by Galaxy and Global against them. AMI states that all of the depositions were for witnesses that were expected to testify at trial, and many of the witnesses were noticed for video depositions by Galaxy and Global themselves. AMI argues further that it believes that the videos

were necessary in light of the situation existing during the course of discovery involving highly contested, consolidated claims that were anticipated to go to trial.  Also, AMI states that many of the witnesses were third- party witnesses outside the subpoena power of the Court or were experts retained by the parties.  AMI contends that it would be unjust to expect counsel to wait until the eve of trial to order video transcripts, and it should not be penalized just because it prevailed on summary judgment, obviating the need to "play" the videos at trial.

In deciding this issue, our focus is on the time the costs were incurred, not in light of subsequent events.  See Montgomery County vs. Microvote Corp., No. 97-6331, 2004 WL 101087196, at *6 (E.D. Pa. May 13, 2004) [disposing of objection to costs for transcripts because "[t]he depositions appear to have been reasonably necessary to the parties in light of the particular situation existing at the time they were taken."]; see also, Smith v. Crown Equipment Corp., No. 97-541, 2000 WL 62314, at *3 (ED PA Jan. 13, 2000) (holding that "[i]t is sufficient that the depositions appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken . . . .  This rule applies even though the deposition taken may not have been used at trial" and holding that the depositions were reasonably necessary when "defendant reasonably could have perceived their utility in providing information regarding the subject accident").

AMI argues that all of the depositions were necessary due to the nature of Galaxy and Global's complicated claims.  AMI needed to be diligent in defending against these claims by deposing all potential witnesses at trial and obtaining video transcripts where available in preparation for, among other things, cross-examination, impeachment and rebuttal.  AMI also supplied the Supplemental Declaration of Ronald J. Shaffer, Esq., in Support of Bill of Costs,

containing a list of all deponents and the reasons why their depositions were necessary, which was attached as Exhibit C to AMI's response to this Motion. (Doc. No. 142.)

        From all of the foregoing we find that the Clerk's awarding of $41,752.84 for transcript costs is supported by the record.

        In their filings Galaxy and Global make a general complaint to being charged for all costs even those that might be attributed to the claims of this consolidated action that were settled before the summary judgment motion was granted. Galaxy and Global make no effort to specify the items they are referring to as required by Local Rule 54(b) and therefore we see no need to discuss these general claims.

        For all of the above reasons we enter the following Order.